IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORMAN J. BARILLA, )
        Plaintiff, )
)
v. ) Civil Action No. 16-1715
)
)
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

I. Recommendation

It is respectfully recommended that the motion to dismiss filed by Defendant (ECF No. 2) be granted and that this action be dismissed for lack of subject matter jurisdiction.

II. Report

Plaintiff, Norman J. Barilla, brings this action against Defendant, the Commissioner of Social Security, seeking fees he incurred during his representation of two individuals before the Social Security Administration in their claims for disability benefits.

Presently submitted for disposition is a motion to dismiss, filed by Defendant. The Commissioner argues that the Court lacks subject matter jurisdiction over this case because of the doctrine of sovereign immunity and because Plaintiff cannot establish jurisdiction under the Administrative Procedures Act or, in the alternative, that Plaintiff has failed to state a claim upon which relief could be granted because he has in fact been paid the fees he is seeking and his claim is therefore moot. For the reasons that follow, the motion should be granted and the case should be dismissed for lack of subject matter jurisdiction based on the doctrine of sovereign immunity.

Facts

Plaintiff is an attorney who represented claimants Devin J. Pingree and Paul A. Ramsey

in the Social Security disability claims. (Compl. ¶¶ 2, 5, 9.)[1] Both individuals entered into fee agreements with Plaintiff whereby he would be paid a percentage of their past-due benefits if they were successful in obtaining benefits. (Compl. ¶¶ 6, 10.) Both Pingree and Ramsey were awarded Social Security disability benefits during the summer of 2016. (Compl. ¶¶ 5, 9.) The agency withheld $1,179.00 from Mr. Pingree's past-due benefits and $3,602.50 from Mr. Ramsey's past-due benefits. (Compl. ¶¶ 7, 11.)

Plaintiff alleges that the agency wrongfully failed to pay him his representative fees and that the agency informed him that the fees from representing Pingree and Ramsey would not be forthcoming. (Compl. ¶¶ 8, 12-14.)[2]

Procedural History

On November 15, 2016, Plaintiff filed this case. Jurisdiction is allegedly based on the Administrative Procedures Act, 5 U.S.C. § 702 (APA), and the Social Security Act, 42 U.S.C. § 405. He seeks $4,781.50 in damages. (Compl. ¶¶ 1, 14.)

On January 27, 2017, Defendant filed a motion to dismiss (ECF No. 2). By order dated January 27, 2017 (ECF No. 4), Plaintiff was directed to file a response by February 17, 2017. On March 16, 2017, a second order was entered (ECF No. 7), in which Plaintiff was notified that, if he failed to file a response by March 31, 2017, the motion would be treated as unopposed. To date, no response has been filed.

Standard of Review

Defendant has filed its motion under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal

---

[1] ECF No. 1.
[2] Defendant states in a footnote that it has paid these fees and thus the issue is moot. (ECF No. 3 at 2 n.2.) However, this disputed issue cannot be resolved in the context of a motion to dismiss, particularly when Defendant has submitted no evidence in support of its statement. Rather, the allegation of the Complaint must be taken as true.

Rules of Civil Procedure. For the reasons that follow, the motion should be addressed under Rule 12(b)(1).

A motion challenging "lack of subject matter jurisdiction" is properly brought under Rule 12(b)(1). Moreover, another subsection of Rule 12 provides that: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Case law consistently holds that "federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte." Liberty Mut. Ins. Co. v. Ward Trucking Co., 48 F.3d 742, 750 (3d Cir. 1995).

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Its consent to be sued must be "unequivocally expressed," and the terms of such consent define the court's subject matter jurisdiction. Id. (quotations omitted).

Plaintiff seeks attorney's fees pursuant to 42 U.S.C. § 406(a), which governs attorney's fees during an attorney's representation before the agency. Another section, § 406(b), governs an attorney's representation before the court. Defendant argues that the Social Security Administration has sovereign immunity for claims for attorney's fees under this section.

The Court of Appeals has held that:

> Under the doctrine of sovereign immunity, the United States has no liability for the payment of attorney's fees absent express waiver. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983). "[42 U.S.C. § 406] is not a waiver of sovereign immunity, but rather a statutory interference with the attorney client contractual relationship which would otherwise be determined by the marketplace for legal services." Coup v. Heckler, 834 F.2d 313, 324 (3d Cir. 1987), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002); see also Pittman

3

> v. Sullivan, 911 F.2d 42, 46 (8th Cir. 1990) (stating that § 406 "cannot be construed as a waiver of immunity because it contemplates payment of the fee award by the claimant, out of past-due benefits, rather than by the government, out of general funds" (internal quotations omitted)).
>
> Accordingly, § 406 does not create in the Social Security Administration the kind of obligations described by Binder. Binder states, variously, that "it is indisputable that the SSA was statutorily mandated to pay the amount of the awarded fees to Binder, notwithstanding ... Claimant's bankruptcy" and that "SSA's inadvertent payment of part of the 25% of the past-due disability award does not free the SSA from liability to Binder for the wrongful payment of part of said 25% award to the Claimant." Such arguments suggest that, under § 406, the federal government has a direct obligation to counsel for a Social Security claimant for the amount of any attorney's fee determination. We disagree. The face of § 406 and cases like Coup, 834 F.2d at 324, make clear that the federal government oversees and regulates the private obligation of the claimant to her counsel, but does not create a federal promise to pay counsel independently of the private obligation. Section 406 does not represent a waiver of sovereign immunity vis-a-vis attorney's fees; accordingly, Binder has no direct recourse against the Commissioner of Social Security for the unpaid amount.

In re Handel, 570 F.3d 140, 144-45 (3d Cir. 2009) (footnotes and internal citations omitted). Other courts have reached the same conclusion. See Booth v. Comm'r Social Sec., 645 F. App'x 455, 458 (6th Cir. 2016); Binder & Binder v. Colvin, 818 F.3d 66, 70-72 (2d Cir. 2016).

Because the case law holds that the Social Security Administration has sovereign immunity from claims for attorney's fees, the Court need not address Defendant's alternative arguments that Plaintiff cannot establish subject matter jurisdiction under the APA or that he cannot state a claim for relief because the amounts he seeks have already been paid (which, as noted above, could not be resolved at this stage of the proceedings).

For all the reasons cited above, it is respectfully recommended that the motion to dismiss filed by Defendant (ECF No. 2) be granted and that this action be dismissed for lack of subject matter jurisdiction.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by April 21, 2017. Any party opposing the objections shall

4

file a response by May 5, 2017. Failure to file timely objections will waive the right of appeal.

s/Robert C. Mitchell<br>ROBERT C. MITCHELL<br>United States Magistrate Judge

Date: April 7, 2017